GOLDEN STATE & MINERS' IRON WORKS v. MUIR.

No. 11,021; December 16, 1885.

8 Pac. 836.

Contracts — Consideration—Findings—Evidence—Presumption. Judgment against plaintiff, and findings against sufficiency of consideration of written instrument, held, contrary to the evidence, as the uncontradicted evidence of defendant's witness, instead of overcoming the presumption in favor of the written instrument on which plaintiff based his claim, really showed a sufficient consideration in all respects as foundations for findings in plaintiff's favor.

APPEAL from Superior Court, County of Placer.

Gray & Haven for appellant; R. P. Wright for respondents.

MYRICK, J.—The defendant executed to plaintiff an order in the following words:

"$3,628.66.                    Michigan Bluffs, March 7, 1883.

"On June 15, 1883, for value received, please pay Golden State & Miners' Iron Works, or order, at the banking-house of Wells, Fargo & Co., San Francisco, Cal., thirty-six hundred and twenty-eight and sixty-six one hundredths dollars.

"[Signed]    WILLIAM MUIR.

"To the Weske Consolidated Mining Company, San Francisco, Cal."

The order was presented and not paid, of which defendant had due notice. The first cause of action is on this order. The second cause of action is for goods and machinery sold and delivered by plaintiff to defendant. The defendant executed to plaintiff a mortgage of personal property to secure the payment of the order, and of the amount of the goods and machinery. This action is to foreclose the mortgage.

The answer averred that there had never been any consideration for the instrument above quoted, of March 7, 1883, and denied that the plaintiff sold and delivered to defendant the goods or machinery, or any part thereof; also averred there was no consideration for the mortgage. The findings of the court were that on the 7th of March, 1883, or at any time before that day, defendant was not indebted to plaintiff in any sum; that plaintiff did not sell or deliver the goods or machinery, or any part thereof, mentioned in the complaint, and defendant was not indebted to plaintiff therefor in any sum; and that there was no consideration for the mortgage. Judgment went for defendant.

The appellant urges that the findings are not sufficient as findings of fact, but are conclusions of law merely, and are therefore not sufficient to sustain the judgment. Without determining this question, we are of opinion that the findings, even if sufficient as findings of fact, are contrary to the evidence. The uncontradicted evidence of the witnesses on the part of the defendant, instead of overcoming the presumption of a consideration afforded by the written instrument, showed a sufficient consideration in all respects as foundation for findings in favor of plaintiff as to that instrument, and also tended to show a sale of the goods and machinery.

The judgment and order are reversed and cause remanded for a new trial.

We concur: Ross, J.; Sharpstein, J.; Morrison, C. J.; Thornton, J.